# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE, ON BEHALF OF AERO MORTGAGE LOAN TRUST 2017-1, *Plaintiff* | § § § § § § § | Case No. 1:19-CV-942-RP |
| v. | § § | |
| JAMES DOUGLAS SALYER, JR., and MELINDA SALYER, *Defendants* | § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff Wilmington Savings Fund Society's Motion for Default Judgment Against All Defendants, filed on November 27, 2019. Dkt. No. 7. On April 10, 2020 the District Court referred the above motion to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I. Background

On September 25, 2019, Plaintiff Wilmington Savings Fund Society, FSB filed suit against Defendants James Douglas Salyer, Jr. and Melinda Salyer. Wilmington seeks judgment granting it the right to foreclose on property located at 206 Norwood West, Georgetown, Texas 78628 (the "Property"). Wilmington invokes the Court's diversity jurisdiction because it is a citizen of Delaware, while Defendants are citizens of Texas, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Wilmington's Complaint alleges that on or about April 13, 2006, Defendants executed an Adjustable Rate Note in the principal sum of $221,600 with an interest rate of 7.75% per annum. Dkt. No. 1 at ¶ 10; Dkt. No. 1-2. Concurrently with the execution of the Note, Defendants executed a Deed of Trust encumbering the Property as security for payment of the Note. Dkt. No. 1 at ¶ 11; Dkt. No. 1-3. Wilmington alleges that it is the holder of the Note and the beneficiary of the Deed of Trust. Dkt. No. 1 at ¶¶ 10-12. Wilmington further alleges that Defendants defaulted on the Note by failing to make payment due June 1, 2009, and all subsequent payments. Dkt. No. 1 at ¶ 19. On October 15, 2014, the Notice of Default was mailed to Defendants, Dkt. No. 1-5, but they failed to cure the default. The Notice of Acceleration was mailed to Defendants on May 26, 2017. Dkt. No. 1-6.

Wilmington does not seek monetary damages, but requests a default judgment declaring its right to non-judicial foreclosure. Wilmington served its Complaint on James Douglas Salyer, Jr. on October 7, 2019, and on Melinda Salyer on October 22, 2019. Dkt. Nos. 4, 5. Defendants have failed to plead, respond, or otherwise defend. On November 27, 2019, the clerk granted Wilmington's motion for an entry of default as to each Defendant. Dkt. Nos. 6, 8. Defendants have made no appearance.

## II.   Legal Standard

Under FED. R. CIV. P. 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of the court, the plaintiff may apply for a judgment based on such default. *Id*. A party is not entitled to a default judgment as a matter of right, however, even where the defendant technically is in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Courts have developed a three-part test to determine whether to enter a default judgment. First, the court considers whether entry of default judgment is procedurally warranted. *See Wieck v. Synrg. Royce LLC*, No. A-17-CV-599-LY, 2019 WL 697291, at *2 (W.D. Tex. Feb. 20, 2019), *report and recommendation adopted*, 2019 WL 3818043 (W.D. Tex. May 17, 2019). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. *Id.* at *2. Last, the court determines what relief, if any, the plaintiff should receive. *Id*.

### III.   Analysis

#### A. A Default Judgment Is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts in the Fifth Circuit consider the following factors:

(1) whether material issues of fact are at issue;

(2) whether there has been substantial prejudice;

(3) whether the grounds for default are clearly established;

(4) whether the default was caused by a good faith mistake or excusable neglect;

(5) the harshness of a default judgment; and

(6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Applying the relevant factors, the Court finds that default judgment is procedurally warranted. First, because Defendants have not filed an answer or any responsive pleadings, there are no material facts in dispute. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, taking Plaintiff's well-pleaded factual allegations as true, Wilmington has asserted a meritorious cause of action for non-judicial foreclosure based on Defendants' breach of contract

by failing to make payments since June 1, 2009. As a result, Wilmington incurred legal fees to seek an order allowing foreclosure. Wilmington will be substantially prejudiced if its request for default judgment is denied. Third, the grounds for default are "clearly established." As previously stated, the clerk has entered default as to both Defendants. Dkt. No. 8. Fourth, because Defendants have failed to appear, the Court can find no good-faith mistake or excusable neglect on their part. Fifth, Wilmington seeks only the relief to which it is entitled under the law, thus mitigating the harshness of a default judgment. Finally, the Court is not aware of any facts giving rise to good cause to set aside default judgment in this case if challenged by Defendants. Accordingly, the Court concludes that default judgment is procedurally warranted.

### B. There Is a Sufficient Basis for Judgment in the Pleadings

Next, the Court next must determine whether there is a sufficient basis in the pleadings for the judgment requested. *Nishimatsu*, 515 F.2d at 1206 (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). Based on a failure to respond, courts are to assume a defendant admits all well-pleaded facts in a complaint. *Id*. However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id*.

To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security instrument; and (4) the debtor received notice of default and acceleration. TEX. PROP. CODE § 51.002; *Jones v. Bank of New York Mellon*, 2015 WL 5714636, at *3 (S.D. Tex. Aug. 17, 2015).

Wilmington has alleged sufficient facts that the debt exists. Dkt. No. 1 at ¶ 10; Dkt. No. 1-2. Wilmington sufficiently pleaded that the debt is secured by a lien created under Art. 16, § 50(a)(6). Dkt. No. 1. at ¶ 11; Dkt. No. 1-3. Wilmington has alleged that the Defendants are in default under

4

the Note and Deed of Trust. Dkt. No. 1 at ¶ 13. Wilmington also pleaded that the Defendants received Notice of the Default and Acceleration. *See id*. As stated, Defendants have not appeared or responded to any pleadings, and thus have not contested any facts submitted by Wilmington. Taking Wilmington's allegations as true, Wilmington has pleaded sufficient facts to demonstrate that it is entitled to foreclose on the Property.

### C. Proper Relief

Having found that the motion for default judgment should be granted and judgment entered in favor of Wilmington, the undersigned must determine the appropriate relief. Wilmington does not seek monetary damages against Defendants, but instead seeks certain declarations and a judgment allowing foreclosure on the Property. As discussed above, Wilmington has adequately demonstrated that it is entitled to a judgment declaring its right to foreclose its lien on the Property pursuant to the power of sale in the Deed of Trust.

Wilmington also seeks a judgment declaring that the Deed of Trust secures the outstanding balance of the debt, including (1) pre-judgment interest, (2) post-judgment interest from the date of judgment until paid, (3) costs of court, and (4) attorneys' fees in an amount to be determined by a subsequent motion pursuant to FED. R. CIV. P. 54(d)(2)(B)(i). Dkt. No. 7 at 4; Dkt. No. 7-2 at 2.

Under Texas law, a person may recover reasonable attorneys' fees and costs when the claim involves a written contract. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(8); *Richardson v. Wells Fargo Bank, N.A.,* 740 F.3d 1035, 1040 (5th Cir. 2014). The terms of the Note and Deed of Trust also provide that Wilmington is entitled to attorneys' fees and costs. Dkt. No. 1-2 at § 7(E); Dkt. No. 1-3 at § 9. Although the Court is inclined to grant Wilmington's request, Wilmington has failed to provide any supporting documentation for an award of interest and costs. Accordingly, Wilmington must file a supplemental motion with detailed supporting documentation for the amount of costs and interest, as well as attorneys' fees, that it seeks.

## IV. Recommendation

The undersigned **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's Motion for Default Judgment Against All Defendants (Dkt. No. 7) and **ENTER JUDGMENT** in favor of Plaintiff against Defendants James Douglas Salyer, Jr. and Melinda Salyer as set forth above.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 4, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE